IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TWANIKA CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00174-RK |
| | ) |
| QUIKTRIP, KANSAS CITY POLICE | ) |
| DEPARTMENT, NAIL LAW FIRM, | ) |
| TONY PATTON, MISSOURI LOTTERY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this civil action pro se on March 11, 2022. (Doc. 1.) In her complaint, Plaintiff asserts a number of claims against Defendants QuikTrip, Kansas City Police Department, the Nail Law Firm and Tony Patton, and the Missouri Lottery concerning fraud and other claims as to the rightful winner of the March 2019 Missouri Lottery jackpot. As to the Kansas City Police Department ("KCPD") specifically, Plaintiff alleges Defendant KCPD (1) failed to investigate her case when requested, (2) tampered with evidence by "g[etting] rid of the evidence" consisting of "video of the proof of purchase" of the winning lottery ticket, and (3) "form[ing] an alliance to commit" a RICO violation. (*Id.* at 2.)

Now before the Court is Defendant KCPD's motion to dismiss for failure to state a claim because it is not a suable entity. (Doc. 13.) Plaintiff filed pro se suggestions in opposition on April 4, 2022. (Docs. 18, 19, 20.)

Under the Federal Rules of Civil Procedure, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In federal court, capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Missouri law, the KCPD is not an entity with capacity

to sue or to be sued. *Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kanas City*, 227 S.W. 114, 116 (Mo. 1920), *abrogated on other grounds by Reifschneider v. City of Des Peres Pub. Safety Comm'n*, 776 S.W.2d 1, 4 n.6 (Mo. banc 1989); *see also Catlett v. Jefferson Cty.*, 299 F. Supp. 2d 967, 969 (E.D. Mo. Jan. 28, 2004) (recognizing: "The Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the department."). Simply, Defendant KCPD "'does not exist as an entity that can be sued.'" *Walker v. Kansas City Police Dep't*, No. 09-00583-CV-W-FJG, 2010 WL 2720720, at *1 (W.D. Mo. July 6, 2010) (quoting *Cross v. Cleaver*, 142 F.3d 1059, 1063 (8th Cir. 1998)) (dismissing plaintiff's claim against the KCPD with prejudice since KCPD is not a suable entity); *see Oyer v. City of Kansas City, Mo.*, No. 16-00982-CV-W-ODS, 2017 WL 5904692, at * (W.D. Mo. Feb. 1, 2017) (dismissing claims against KCPD since it is not an entity that can be sued); *Dudley v. Kansas City Police Dep't*, No. 4:13-CV-918-DGK, 2014 WL 1775959, at *2 (W.D. Mo. May 5, 2014) (same).

Therefore, Defendant KCPD's motion to dismiss for failure to state a claim (Doc. 13) is **GRANTED**, and Plaintiff's claims against Defendant KCPD are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 4, 2022